**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MOISES AVILA GUERRERO,

Petitioner,

v.

LEONARD ODDO, Warden of the Moshannon Valley Processing Center, ET AL.,

Respondents.

3:26cv1901

ELECTRONICALLY FILED

**MEMORANDUM ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A <u>TEMPORARY RESTRAINING ORDER AND STAY OF TRANSFER (Doc. 1)</u>**

Pending is Petitioner Moises Avila Guerrero's Emergency Motion for Temporary Restraining Order and Stay of Transfer. (Doc. 1).

Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Transfer requests that this Court "order Respondents to refrain from transferring Petitioner outside the Western District of Pennsylvania, or in the alternative outside the Commonwealth of Pennsylvania, until further order of this Court." (*Id*. at 3-4).

As explained by the district court in *Johnson v. Harry*, No. 3:24-194, 2026 WL 993778 (W.D. Pa. Jan. 13, 2026) (Haines, J.):

> in order to obtain a temporary restraining order (a "T.R.O.") a Plaintiff must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the Plaintiff, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make either of those threshold showings is fatal to the issuance of a preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC*

> *v. Pennsylvania Environmental Hearing Bd*., 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

*Johnson*, 2026 WL 993778, at *1.

For the following reasons, the Court will deny Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Transfer.

First, this Court lacks jurisdiction to prevent Petitioner's transfer to another facility while this matter is pending. Congress has vested the Secretary of Homeland Security and his/her delegates, such as United States Immigration and Customs Enforcement ("ICE") with the authority to detain aliens pending a decision on their removal proceedings. 8 U.S.C. §§ 1231(a)(2), 1226(a), (c)(1). And Congress has vested the Department of Homeland Security ("DHS") with the discretion to set the place of detention. 8 U.S.C. § 1231(g)(1); *Sinclair v. Att'y Gen*., 198 F. App'x 218, 222 n.3 (3d Cir. 2006) (collecting cases). Within DHS' discretion is the authority to transfer aliens from one detention center to another. *Calla-Collado v. Att'y Gen*., 663 F.3d 680, 685 (3d Cir. 2011). Reading § 1231(g)(1) together with Congress's limitations in 8 U.S.C. § 1252(a)(2)(B)(ii) on federal district courts' jurisdiction to review discretionary actions by DHS, federal district courts have concluded that they lack jurisdiction to review DHS' decisions under § 1231. *See, e.g., Jane v. Rodriguez*, Civ. No. 20-5922, 2020 WL 10140953, *1-2 (D.N.J. May 22, 2020) (citing cases). Nor does the All Writs Act, 28 U.S.C. § 1651, provide the Court with jurisdiction to enjoin transfer. *Barrios v. Att'y Gen*., 452 F. App'x 196, 198 (3d Cir. 2011) (jurisdiction-stripping provision in section § 1252(g) of INA, which is identical to jurisdiction-stripping language of §1252(a)(2)(B)(ii), is not superseded by All Writs Act).

Second, while Petitioner asserts that he "has credible, immediate reason to believe that Respondents intend to transfer Petitioner to a detention facility outside the Third Circuit and

outside this Court's territorial jurisdiction," and that "such a transfer would irreparably harm Petitioner by severing Petitioner's access to counsel of record, obstructing Petitioner's ability to gather and present evidence and witnesses located in this district, preventing Petitioner from disrupting pending proceedings before the Elizabeth Immigration court," the Court finds that the specific facts and evidence set forth in Petitioner's Habeas Petition and Emergency Motion for Temporary Restraining Order and Stay of Transfer are speculative as to Petitioner and do not establish that Petitioner "has credible, immediate reason to believe that Respondents intend to transfer Petitioner to a detention facility outside the Third Circuit and outside this Court's territorial jurisdiction," and that "such a transfer would irreparably harm Petitioner by severing Petitioner's access to counsel of record, obstructing Petitioner's ability to gather and present evidence and witnesses located in this district, preventing Petitioner from disrupting pending proceedings before the Elizabeth Immigration court," in violation of Petitioner's due process rights under the Fifth Amendment. (Doc. 1 at 3). Accordingly, Petitioner has not shown that denial of his Emergency Motion for Temporary Restraining Order and Stay of Transfer will result in irreparable harm to Petitioner so to be entitled to the temporary restraining order Petitioner seeks.

Having found that Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Transfer shall be denied, the Court understands Petitioner's habeas petition to ultimately be seeking a prompt adjudication of the lawfulness of Petitioner's detention and the relief, if any, to which Petitioner is entitled. Consistent therewith, an expedited case management schedule will issue forthwith.

SO ORDERED this 29th day of September, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF Counsel of Record